EASTERN DIS.
May, 1841.

LAIDLAW
vs.
TYSON.

## LAIDLAW vs. TYSON.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the plaintiff as agent, agreed to furnish freight for a vessel at a certain rate and 5 per cent. primage thereon, and the freight was not received as agreed on; but the Captain made a new contract for freight to which the plain-tiff was not a party: *Held*, that the latter cannot *charge* for the freight.

This is an action on a freight or commission account accord-ing to an agreement, and an account for $889 annexed.

The defendant admits he entered into an agreement with the plaintiff by which the latter was to furnish a cargo of cotton for the ship Normandie, from Vicksburg to Liverpool at 15-16ths of a penny per pound freight, and 5 per cent. primage. The cotton was to be *pressed ;* but when he arrived at Vicksburg, no pressed cotton was to be had, and he took unpressed cotton at a penny and one eighth per pound. He avers he has paid the plaintiff the greater part of his account and tenders him the balance, as he has heretofore done, of $107 10, and prays to be dismissed with his costs.

There was judgment however, for the whole amount claim-ed, and the defendant appealed.

*L. C. Duncan*, for the plaintiff.

*Strawbridge*, contra.

*Garland*, *J.* delivered the opinion of the court.

The plaintiff claims "the sixteenth of a penny on the weight of the cargo of ship Normandie" from Vicksburg to Liverpool, being 667,035 pounds of cotton, also 13 per cent. premium for exchange on 173*l.* 14*s.* 1*d.* sterling.

It appears that plaintiff chartered the ship to proceed to Vicksburg and take a cargo of cotton to Liverpool, for which he was to pay 15-16ths of a penny sterling per pound and 5 per cent. primage, for which the defendant was to pay him a commission of five per cent. on the freight. Although it is not mentioned in the written contract, it is clearly proved that it was understood the cotton was to be *compressed.* When the ship arrived at Vicksburg, no press was in operation and compressed cotton could not be obtained. The captain then made a contract with a merchant to take a cargo of cotton not compressed at the rate of a penny and one-eighth sterling per pound, and received the quantity stated, which he delivered in Liverpool. Under this last contract, to which the plaintiff was not a party, he claims the sum of $889 24, whether as damages, or as being interested in the contract, the petition does. not state.

We cannot in a legal or equitable point of view see what right he has to claim more than his commission of five per cent. on the freight, which the defendant is willing to allow. If the amount is claimed as having chartered the vessel, the answer is he was to furnish a cargo and did not comply with his contract at all; if the sum is claimed as the difference between the price contracted for originally and that paid, it can be as satisfactorily met, by reminding the plaintiff he was to furnish compressed cotton, the ship was obliged to take that which was not *compressed* and therefore took a less quantity, which was to be made up by the increased price of freight.

If the plaintiff be entitled to any thing on the contract beyond his commission, it would be the difference between fifteen-sixteenths of a penny and a penny and an eighth per pound, but the whole evidence satisfies us he was acting as an agent to procure a vessel for the shippers at Vicksburg, and

EASTERN DIS.
*May,* 1841.

LAIDLAW
*vs.*
TYSON.

Where the plaintiff, as agent agreed to furnish freight for a vessel at a certain rate and 5 per cent. primage thereon, and the freight was not received as agreed on, but the captain made a new contract to which the plaintiff was not a party: *Held,* that the latter cannot charge for the freight.

EASTERN DIS.
*May*, 1841.

when she arrived there the principals had a right to make any change in the contract they pleased, which would not deprive him of the commission stipulated to be paid him. Upon a full examination of the case we do not think the plaintiff entitled to recover more than the sum the defendant acknowledges to owe and legally tendered him.

The judgment of the District Court is therefore annulled and reversed, and proceeding to give such judgment as in our opinion ought to have been rendered in the court below, it is further ordered and decreed, that the plaintiff do recover of and have judgment against the defendant, for the sum of one hundred and seven dollars and ten cents; the costs subsequent to the 12th of July, 1838, to be paid by the plaintiff as well as those of this appeal.